IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ROSE B. KOFRON, as GUARDIAN and CONSERVATOR OF GEORGE L. KOFRON,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>U.S. BANK, N.A.,<br><br>　　　　Defendant. | No. C06-0159<br><br>**ORDER** |

　　　　This matter comes before the court pursuant to the plaintiff's December 18, 2006, motion to amend the complaint (docket number 11). The motion was resisted on December 29, 2006. The motion is granted.

　　　　This is an action arising out of the defendant's refusal to honor cashiers checks issued by it in December 1995. After the plaintiff failed to present these checks for payment for over ten years, plaintiff sued the defendant in state court in September 2006 alleging four theories of recovery, unjust enrichment, breach of contract, conversion, and wrongful refusal to pay cashiers checks pursuant to Iowa Code § 554.3411.

　　　　On November 15, 2006, the matter was removed to federal court by the defendant. On November 16, 2006, the defendant filed its answer. On November 17, 2006, the defendant filed a motion for judgment on the pleadings arguing that the complaint affirmatively discloses an insuperable bar to relief. The defendant argues that the complaint affirmatively demonstrates that the four claims are barred by the statute of limitations.

　　　　The plaintiff moves to amend the complaint to allege that George L. Kofron suffered from a "mental illness" as of December 29, 1995, and that mental illness

1

continues to this day to toll the statute of limitations.  Second, the plaintiff alleges that the bank failed to report to the Treasurer for the State of Iowa that these checks constituted abandoned property within the meaning of Iowa Code § 556.2B.  With respect to these abandoned property allegations, plaintiff does not seek leave to add a claim upon which relief can be granted.

The defendant objects to the motion to amend contending that these issues expand the scope of discovery, that they are futile, and that they do not relate back to the allegations in the original complaint.[1]

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires.  The Supreme Court has stated that the granting of leave to amend is within the discretion of the district court.  Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971).  However, in the absence of a good reason for the denial of the motion, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the defendant or futility of the amendment, denial of leave to amend is an abuse of discretion.  Foman v. Davis, 371 U.S. 178, 182 (1962).

The United States Supreme Court addressed the function of a policy favoring liberal amendments to complaints in Neitzke, et al. v. Williams, 490 U.S. 319 (1989).  The Court stated that when faced with a motion to dismiss, "a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon."  Neitzke at 330.[2]

---

[1] This court believes that the relation-back arguments are irrelevant to the dispute as to whether the plaintiff should be allowed to amend the complaint.  Where some claims are filed within the applicable statute of limitations, later claims filed outside the statute of limitations are still timely if they "relate back" under Fed. R. Civ. P. 15(c).  In this case the defendant asserts that all of plaintiff's claims are barred and the plaintiff alleges that the statute of limitations is tolled.  The relation-back doctrine does not appear to assist either party.

[2] Neitzke involved a motion to dismiss pursuant to Fed. R. Civ. P. 12(b).  In this
(continued…)

The primary amendment advanced by the plaintiff does exactly what <u>Neitzke</u> says a plaintiff is entitled to do. It alleges a justification for failing to file this action within the applicable statute of limitations. Discovery has not yet opened and if the amendment raises additional discovery, it is only because the defendant pleaded the statute of limitations defense. Again, plaintiff raises no new claims for relief by these amendments.

Upon the foregoing,

IT IS ORDERED

That plaintiff's December 18, 2006, motion to amend the complaint (docket number 11) is granted.

January 2, 2007.

                                                  */s/ John A. Jarvey*
                                                  JOHN A. JARVEY
                                                  Magistrate Judge
                                                  UNITED STATES DISTRICT COURT

---

[2](...continued)
case, the defendant's motion for judgment on the pleadings, filed pursuant to <u>Fed. R. Civ. P.</u> 12(c), is analyzed under the same standards. All of the allegations of the plaintiff's complaint are taken as true and the court looks to determine whether the face of the pleadings shows some insuperable bar to relief.